11-4670-cr
United States v. Polanco

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand twelve.

PRESENT: DENNY CHIN,
CHRISTOPHER F. DRONEY,
          Circuit Judges,
JOHN GLEESON,
          District Judge.*

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
          Appellee,

          -v.-                          11-4670-cr

MARINO POLANCO,
          Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT:     MARK J. STEIN (Michael J. Castiglione, Elizabeth A. Gudis, on the brief), Simpson Thacher & Bartlett LLP, New York, New York.

FOR APPELLEE:     RACHEL P. KOVNER (Katherine P. Failla, on the brief), Assistant United States Attorneys for Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

* The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Patterson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Marino Polanco appeals from the district court's judgment entered November 4, 2011, following a jury trial, convicting him of conspiracy and distribution and possession with the intent to distribute heroin, 21 U.S.C. §§ 841(b)(1)(B) and 846, and imposing a sentence of forty-eight months of imprisonment, four years of supervised release, and a $100 special assessment.

Polanco challenges two rulings of the district court: its order entered January 19, 2011, denying his motion to suppress evidence obtained during a purportedly unlawful arrest, and its order entered May 3, 2011, admitting at trial physical evidence that had been altered. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

A.    The Motion To Suppress

"On an appeal from a ruling on a motion to suppress, we review a district court's findings of historical fact for clear error, but analyze de novo the ultimate determination of such legal issues as probable cause . . . ." United States v. Valentine, 539 F.3d 88, 93 (2d Cir. 2008) (citations and internal quotation marks omitted). As the suppression motion was denied

-2-

below, we construe the facts in the government's favor.  United States v. Singh, 415 F.3d 288, 293 (2d Cir. 2005) (citation omitted).

Probable cause exists "if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested."  United States v. Patrick, 899 F.2d 169, 171 (2d Cir. 1990) (citations omitted).  The totality of circumstances must be "considered from the perspective of a reasonable police officer in light of his training and experience."  United States v. Delossantos, 536 F.3d 155, 159 (2d Cir. 2008) (citation omitted).

Even assuming Polanco was placed under arrest when he was stopped by Officer Bakraqi on May 22, 2010, we conclude that the arrest was supported by probable cause.  Hence, the district court did not err in denying his motion to suppress.  We reject Polanco's argument that Bakraqi lacked a particularized and objective basis to suspect him of being engaged in criminal activity, and we reach this conclusion without reliance on the collective knowledge doctrine.

Bakraqi arrived at the apartment at 1135 Pelham Parkway North with information that narcotics were being transported from that location.  He had been given a physical description of the individual involved in the transaction.  At the scene, he saw a "black taxi" double-parked outside the location, with a man --

Polanco -- standing next to the vehicle. Bakraqi then observed Navarro -- who matched the description of the individual involved in transporting the narcotics -- come out of the location carrying two apparently heavy suitcases to Polanco's livery cab, speak to Polanco, place the suitcases into the trunk with Polanco's help, and walk away without paying any money to Polanco. Bakraqi then saw Polanco drive away by himself with the suitcases. On these facts, it was reasonable for Bakraqi to believe that Polanco was assisting Navarro in transporting drugs. Indeed, it is unlikely that Navarro would have turned over a suitcase containing 470 grams of heroin and drug paraphernalia to an unwitting stranger. Moreover, if Polanco had been an innocent livery cab driver who had been hired merely to deliver two suitcases, Navarro would have paid him a fare, but Bakraqi saw no money change hands. "[D]rug dealing is an enterprise to which a dealer would be unlikely to admit an innocent person with the potential to furnish evidence against him." Delossantos, 536 F.3d at 159 (quoting Maryland v. Pringle, 540 U.S. 366, 373 (2003) (internal quotation marks omitted)).

Even assuming some or all of these facts were innocuous on their face, "some patterns of behavior which may seem innocuous enough to the untrained eye may not appear so innocent to the trained police officer who has witnessed similar scenarios numerous times before." Id. at 161 (citations and internal quotation marks omitted). We affirm the district court's denial of Polanco's motion to suppress.

**B. The Evidentiary Ruling**

We review a district court's evidentiary ruling pursuant to Rule 403 of the Federal Rules of Evidence for abuse of discretion. United States v. O'Connor, 650 F.3d 839, 853 (2d Cir. 2011) (citation omitted).

Under Rule 403, a district court may exclude evidence if its probative value is substantially outweighed by the danger of, inter alia, unfair prejudice, confusion, or undue delay. Fed. R. Evid. 403. Where an object sought to be admitted into evidence has changed in appearance from its appearance at the time of the seizure, the court may admit the object into evidence, subject to the Rule 403 balancing, so long as changes to its conditions have not destroyed its evidentiary value. See United States v. Berry, 599 F.2d 267, 269 (8th Cir. 1979); United States v. Skelley, 501 F.2d 447, 451 (7th Cir. 1974).

We conclude that the district court did not abuse its discretion in admitting into evidence the heroin that fell from Polanco's person, even though it had changed in appearance from a block of compressed powder (heroin wrapped in clear plastic) to chunks of brick along with powder (the package had been opened for testing). The district court found that the heroin was highly probative and that there was minimal risk of confusion or unfair prejudice because multiple witnesses testified as to the original appearance of the heroin at the time of the seizure. This conclusion was reasonable.

We have considered Polanco's remaining arguments and conclude they are without merit.  Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk